### Ex parte W. J. RADNEY.

No. A-5279.     Opinion Filed March 7, 1925.
(233 Pac. 770.)

(Syllabus.)

1.   Bail—On Evidence Insufficient to Create Reasonable Doubt of Guilt, Bail Refused After Commitment for Murder. Upon an application for bail after commitment, upon a charge of murder, on the ground that the proof of guilt is not evident, nor the presumption thereof great, and upon a consideration of all the evidence offered the court is of the opinion that it is insufficient to create a reasonable doubt of the petitioner's guilt, bail will be refused.

2.   Same. Evidence considered, and held to justify the refusal of bail to a petitioner in custody upon a charge of murder.

Petition of W. J. Radney for writ of habeas corpus to obtain his release on bail.   Writ denied.

Stewart & Williams and H. D. Henry, for petitioner.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   The petition filed on behalf of W. J. Radney, August 30, 1924, for writ of habeas corpus to be let to bail, discloses that he was committed by Thomas Turvey, justice of the peace of Greer county, after a preliminary examination to answer to the district court of that county upon a charge of murder, alleged to have been

committed on July 20, 1924, in killing one Eugene E. Lynch by shooting him with a pistol. An application for bail was made to the judge of the district court of said county, and the same was denied.

On the application to this court a rule to show cause why the writ should not be awarded as prayed for was issued returnable September 2, 1924. It was averred that the proof of his guilt is not evident, nor the presumption thereof great. On the return day by agreement of counsel the cause was heard upon the evidence taken on the preliminary examination before the district court of Greer county.

Upon a consideration of the evidence upon which the application for bail was submitted, and the argument of counsel, it was the opinion of the court that petitioner is not entitled to bail as a matter of legal right.

The rule generally approved by appellate courts is that, in denying an application for bail, neither the facts nor the law in such cases will ordinarily be discussed by the court, lest it prejudice the rights of the defendant on his final trial, and we shall adhere to it in this case.

The application was and is denied.

MATSON, P. J., and BESSEY, J., concur.